# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FREEDOM TRANSPORTATION, INC.,

    Plaintiff,

v.

NAVISTAR INTERNATIONAL CORPORATION, ET AL.,

    Defendants.

Case No. 2:18-CV-02602-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Freedom Transportation, Inc. filed this action against Defendants Navistar International Corporation and Navistar, Inc. ("Navistar Defendants"), Allstate Fleet and Equipment Sales of Houston, Inc. ("Allstate"), and Penske Truck Leasing Co., L.P., Penske Truck Leasing Corporation, and Penske Logistics LLC (the "Penske Defendants"), alleging a variety of claims stemming from its purchase of six allegedly defective box trucks for commercial use. The Navistar Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(2), arguing that this Court could not properly exercise general personal jurisdiction over them solely on the basis of their registration to do business in Kansas under K.S.A. § 17-7931.

In a Memorandum and Order dated September 26, 2019 ("Order"), the Court denied the Navistar Defendants' motion to dismiss, finding that the Kansas business registration statute, as interpreted by the Kansas Supreme Court, both requires consent to general personal jurisdiction in Kansas and comports with due process.[1] The Court also granted in part and denied in part motions to dismiss filed by Allstate and the Penske Defendants.

---
[1] Doc. 48 at 29–38.

This matter is now before the Court on the Navistar Defendants' Motion to Certify an Interlocutory Appeal (Doc. 57). The Navistar Defendants request leave, pursuant to 28 U.S.C. § 1292(b), to appeal the question of whether a foreign corporation's registration to transact business in a forum state, which is neither its state of incorporation nor its principal place of business, is a constitutionally permissible basis for establishing general jurisdiction in light of the United States Supreme Court's decisions in *Goodyear Dunlop Tires Operations, S.A. v. Brown*[2] and *Daimler AG v. Bauman*.[3] The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies the Navistar Defendants' motion.

## I. Procedural Background

In support of their motion to dismiss, the Navistar Defendants urged the Court to find that exercising general jurisdiction on the basis of consent-by-registration would be inconsistent with *Daimler*, which they contend changed the landscape for analysis of general jurisdiction by rejecting the notion that a defendant corporation could be subject to general jurisdiction in every state in which it is merely "doing business."

In its Order, the Court noted that consent jurisdiction was recognized by the United States Supreme Court in *Pennsylvania Fire Insurance Co. v. Gold Issue Mining and Milling Co.*,[4] and that although *Daimler* undoubtedly narrowed the scope of general personal jurisdiction and some courts have subsequently questioned whether *Pennsylvania Fire* remains good law, that case and other Supreme Court opinions sanctioning consent jurisdiction have not been expressly overruled.[5] The Court further found that binding Tenth Circuit precedent directed it to look to

---

[2]564 U.S. 915 (2011).
[3]571 U.S. 117 (2015).
[4]243 U.S. 93 (1917).
[5]Doc. 48 at 34–38.

Kansas law to determine whether the business registration statute at issue, K.S.A. § 17-7931(g), provides a basis for general jurisdiction over registered corporations, and that the Kansas Supreme Court has held that the statute *does* provide for such jurisdiction through consent.[6]

The Tenth Circuit has not yet addressed, post-*Daimler*, whether the Kansas business registration statute, as construed by the Kansas Supreme Court, provides a constitutional basis for general personal jurisdiction in Kansas over a defendant who registers to do business in the forum. This Court found that in the absence of specific guidance from the Supreme Court or the Tenth Circuit to the contrary, it could not disregard Supreme Court precedent finding consent by registration valid "based on speculation about how the [Supreme] Court might view jurisdiction in contexts other than that discussed in *Daimler*."[7] The Court therefore found that it had personal jurisdiction over the Navistar Defendants on the basis of their consent through registration to do business in Kansas.[8] In so holding, the Court joined three other judges of this district.[9]

## II. Legal Standard

The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving injunctions, appointing receivers, and determining rights in admiralty cases.[10] With regard to other interlocutory orders, a district judge may certify an interlocutory order for appeal when she is of the opinion that (1) such order

---

[6]*Id*. at 30–32.

[7]*Id*. at 38 *(citing In re: Syngenta AG MIR 162 Corn Litig*., MDL No. 2591, Case No. 14-md-2591-JWL, 2016 WL 1047996, at *3 (D. Kan. Mar. 11, 2016))*.

[8]*Id*. at 37–38.

[9]*Id*. at 37 n.131 (citing *In re: Syngenta*, 2016 WL 1047996, at *2; *Snyder Ins. Servs., Inc. v. Sohn*, Case No. 16-CV-2535-DDC-GLR, 2016 WL 6996265, at *3–4 (D. Kan. Nov. 30, 2017); *AK Steel Corp. v. PAC Operating Ltd. P'ship*, Case No. 2:15-CV-09260-CM-GEB, 2017 WL 3314294, at *3–4 (D. Kan. Aug. 3, 2017)).

[10]*See* 28 U.S.C. §§ 1291, 1292(a).

involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[11]  "The[se] criteria are conjunctive, not disjunctive."[12]  The proponent of an interlocutory appeal bears the burden of establishing that all three of the substantive criteria are met.[13]

The district court retains "first line discretion" to determine whether to certify an interlocutory order for appeal under § 1292(b).[14]  If the district court determines that certification is appropriate, "the Court of Appeals may or may not decide to permit the appeal in its discretion."[15]  In deciding whether to exercise its discretion under § 1292(b), this Court is mindful that certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action,"[16] and that "there is a long-established policy preference in the

---

[11]*See id.* § 1292(b).

[12]*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

[13]*See In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d. Cir. 2005)).

[14]*Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).

[15]*Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co., Inc.*, Case No. 13-2418-JWL, 2015 WL 4463645, at *4 (D. Kan. July 21, 2015) (citing 28 U.S.C. § 1292(b)).

[16]*Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted), *cert. denied*, 513 U.S. 872 (1994); *see also Donahue v. Kan. Bd. of Educ.*, Case No. 18-2012, 2018 WL 5283877, at *1 (D. Kan. Aug. 1, 2018) (stating that § 1292(b) "should only be used 'in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation.'") (quoting *Prof'l Serv. Indus., Inc. v. Kimbrell*, 841 F. Supp. 358, 363 (D. Kan. 1993))).

4

federal courts disfavoring piecemeal appeals."[17] "[I]nterlocutory appeals are not appropriate to 'merely . . . provide review of difficult rulings in hard cases.'"[18]

## III. Discussion

The Navistar Defendants argue that interlocutory appeal of the Court's Order denying their motion to dismiss is justified under § 1292(b) because whether a foreign corporation's registration to do business in the forum state is a constitutionally permissible basis for the exercise of general personal jurisdiction is a controlling question of law, there is substantial ground for a difference of opinion, and appeal of the Order may materially advance the ultimate termination of this litigation. In opposition, Plaintiff argues that the latter two factors are not met here.[19] The Court addresses each criterion under § 1292(b) in turn.

### A. Controlling Question of Law

"A 'question of law' involves the meaning of a statute, constitution, regulation, or common-law doctrine, as opposed to a question of fact."[20] And a question of law "is controlling if resolution of the issue on appeal could materially affect the outcome of litigation in the district

---

[17]*Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1382 (10th Cir. 2009) (citing *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007)); *see also Moore v. Kobach*, Case No. 18-2329-DDC-KGG, 2019 WL 4228415, at *1 (D. Kan. Sept. 5, 2019) ("[T]he 'Tenth Circuit[] [has] demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances.'") (quoting *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998))); *Turner v. Chipotle Mexican Grill, Inc.*, Civil Action No. 14-cv-2612-JLK, 2015 WL 5579579, at *1 (D. Colo. Sept. 23, 2015) ("It is axiomatic that interlocutory appeals are disfavored and should be granted only in narrowly defined circumstances set forth in the statute.").

[18]*Park v. Trican Well Serv., L.P.*, No. CIV-15-515-R, 2015 WL 6160272, at *2 (W.D. Okla. Oct. 20, 2015) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

[19]Allstate and the Penske Defendants take no position on the Navistar Defendants' motion.

[20]*Raymond v. Spirit Aerosystems Holdings, Inc.*, Case No. 16-1282-JWB, 2019 WL 1922170, at *2 (D. Kan. Apr. 30, 2019) (citing *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193 (D.N.M. 2016)); *see also Genesis Health Clubs, Inc. v. Led Solar & Light Co.*, No. 13-1269-JWL, 2014 WL 3025441, at *1 (D. Kan. July 3, 2014) (collecting cases).

court"[21] or where "its incorrect disposition would require reversal of a final judgment."[22] Plaintiff does not dispute, and the Court finds, that whether the Court may exercise general personal jurisdiction over the Navistar Defendants on the basis of their registration to do business in Kansas is a controlling question of law. There is no dispute that the Navistar Defendants are registered to do business in Kansas, and the effect of that registration on their amenability to suit in this forum is a purely legal question that does not call for the application of facts.[23]

### B. Substantial Ground for Difference of Opinion

For substantial ground for a difference of opinion to exist, it is not enough that the issue is one of first impression, or that the only other case on point reached the opposite conclusion.[24] Rather, this standard requires that "the question presented for certification must be difficult, novel, and involve 'a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'"[25] A substantial difference of opinion may exist if the district court's ruling "appears contrary to the rulings of all courts of appeal which

---

[21]*City of Neodesha v. BP Corp. N. Am. Inc.*, CIVIL ACTION Nos. 15-4025-KHV, 15-4844-KHV, 15-4847-KHV, 2016 WL 3522092, at *3 (D. Kan. June 28, 2016) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see also Fox v. TransAm Leasing, Inc.*, No. 12-2706-CM, 2015 WL 4243464, at *3 (D. Kan. July 13, 2015) ("An issue is controlling if interlocutory reversal would terminate the action or substantially affect the course of litigation.") (citing *In re Indep. Serv. Orgs. Antitrust Litig.*, No. 94-2102-EEO, 1997 WL 450028, at *4 (D. Kan. July 17, 1997))).

[22]*Park*, 2015 WL 6160272, at *2 (quoting *Grimes v. Cirrus Indus., Inc.*, No. CIV-08-1222-D, 2010 WL 2541664, at *2 (W.D. Okla. June 18, 2010)).

[23]*See AK Steel Corp. v. PAC Operating Ltd. P'ship*, Case No. 15-9260-CM, 2018 WL 1536501, at *2 (D. Kan. Mar. 29, 2018) (finding question of consent to general jurisdiction through registration to do business in Kansas a controlling question of law).

[24]*Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure*, § 3930 n.6 (1977 & Supp. 1983)) ("[T]he mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion."); *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260 (E.D. Pa. 1992) (declining to certify ruling for appeal where only other reported decision had reached opposite conclusion, but there was no substantial ground for difference of opinion).

[25]*Amer. Fidelity Assur. Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014) (quoting *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991)); *see also Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders*, No. 16-1094-JTM, No. 18-1081-JTM, 2019 WL 1014727, at *2 (D. Kan. Mar. 4, 2019).

have reached the issue, [or] if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . ."²⁶

It is true that multiple post-*Daimler* circuit court decisions call into question the constitutionality of consent by registration, but these decisions do not ultimately reach the constitutional question by instead construing the statute at issue not to require consent.²⁷ In arguing that there exists substantial ground for a difference of opinion, the Navistar Defendants rely on these opinions and on district court cases from other circuits finding that consent by registration does not satisfy due process, even where the statute at issue contains an explicit consent provision.²⁸

However, this Court has ruled consistently with other district court judges within the Tenth Circuit who have found that consent by registration is a result that must be allowed given binding Tenth Circuit precedent directing courts to look to state law to determine whether the business registration statute at issue provides a basis for general jurisdiction over registered corporations and Supreme Court precedent endorsing consent jurisdiction.²⁹ In fact, Judge

---

²⁶*Raymond v. Spirit Aerosystems Holdings, Inc.*, Case No. 16-1282-JWB, 2019 WL 1922170, at *2 (D. Kan. Apr. 30, 2019) (quoting *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016)).

²⁷*See* Doc. 48 at 35–36 (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2015); *AM Trust v. UBS AG*, 681 F. App'x 587 (9th Cir. 2017); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., L.L.C.*, 717 F. App'x 394 (5th Cir. 2017); *Waite v. All Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018), *cert denied*, 139 S. Ct. 1384 (2019)).

²⁸*See, e.g., In re Asbestos Prods. Liab. Litig.*, 384 F. Supp. 3d 532, 545 (E.D. Pa. 2019) ("The Court concludes that the Pa. Statutory Scheme requiring foreign corporations to register to do business and, therefore, to consent to general personal jurisdiction in Pennsylvania, offends the Due Process Clause and is unconstitutional. As a result, the Court further concludes that the Third Circuit's pre-*Daimler* decision in *Bane* . . . is irretrievably irreconcilable with the teachings of *Daimler*, and can no longer stand.").

²⁹*See* Doc. 48 at 37–38 (citing *In re: Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, Case No. 14-md-2591-JWL, 2016 WL 1047996, at *2 (D. Kan. Mar. 11, 2016); *Snyder Ins. Servs., Inc. v. Sohn*, Case No. 16-CV-2535-DDC-GLR, 2016 WL 6996265, at *3-4 (D. Kan. Nov. 30, 2017); *AK Steel Corp. v. PAC Operating Ltd. P'ship*, Case No. 2:15-CV-09260-CM-GEB, 2017 WL 3314294, at *3-4 (D. Kan. Aug. 3, 2017); *Schmidt v. Navistar, Inc.*, 18cv321 KG/KBM, 2019 WL 1024285, at *6 (D.N.M. Mar. 4, 2019)).

Carlos Murguia of this district recently denied a motion for interlocutory appeal on this precise issue, stating that he was

> unconvinced that this question is one in which there is substantial ground for difference of opinion. [Defendant] cites numerous cases that have found that consent to jurisdiction by business registration is inconsistent with *Daimler*. All the cases, however, are from other jurisdictions, and none come from a circuit court. This court's order finding general jurisdiction is consistent with other cases in this district.[30]

The same reasoning largely could be said to apply here. It is true, as Plaintiff points out, that the Navistar Defendants have not cited any case in which a court has ruled that consent jurisdiction under K.S.A. § 17-7931 violates due process or any case questioning the constitutionality of consent jurisdiction from within the Tenth Circuit.

While the Court's Order is consistent with other cases from this district and from within the Tenth Circuit, the Court acknowledges that the law on the constitutionality of consent by registration is in a state of flux, that the Tenth Circuit has not spoken on the issue since *Daimler*, and that this Court has previously found substantial ground for a difference of opinion where a party presents "colorable arguments" in support of its alternative position.[31] Very recently, in a case involving Navistar, Inc. as the sole defendant, the United States District Court for the District of New Mexico certified for interlocutory appeal the question of whether general personal jurisdiction can be based on New Mexico's consent-by-registration statute after finding substantial ground for a difference of opinion.[32] That court noted a pre-*Daimler* circuit split regarding the constitutionality of jurisdiction based on registration, and remarked that "while the

---

[30] *AK Steel Corp. v. PAC Operating Ltd. P'ship*, Case No. 15-9260-CM, 2018 WL 1536501, at *3 (D. Kan. Mar. 29, 2018) (citation omitted).

[31] *Rural Water Dist. No. 4 v. City of Eudora, Kan.*, 875 F. Supp. 2d 1260, 1274 (D. Kan. 2012), *rev'd in part on other grounds,* 720 F.3d 1269 (10th Cir. 2013).

[32] *Schmidt v. Navistar, Inc.*, 18cv321 KG/JFR, 2019 WL 2233832, at *2–3 (D.N.M. May 23, 2019).

Supreme Court squarely addressed the issue in *Pennsylvania Fire*, it has not directly considered consent-by-registration statutes since 1917."[33] The Tenth Circuit denied leave to appeal in that case.[34]

In any event, even assuming that the Navistar Defendants have shown substantial ground for a difference of opinion, the Court finds that the third element required for interlocutory appeal under § 1292(b) is not met here, as discussed below.

### C. Advancement of Ultimate Termination of Litigation

The Tenth Circuit has recognized that the requirement that an interlocutory appeal must advance the ultimate termination of the litigation "reflects the primary purpose of § 1292(b)."[35] This requirement is met where an immediate appeal

> would eliminate the need for a trial, eliminate complex issues so as to simplify the trial, or make discovery easier and less costly. If the litigation will be conducted in substantially the same manner regardless of the decision, an immediate appeal will not advance the termination of the litigation. This element turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case, the extent of the parties' preparation for trial, and the nature and scope of the requested relief.[36]

Plaintiff argues that interlocutory appeal will not advance the ultimate termination of this litigation because dismissal of the Navistar Defendants on jurisdictional grounds would not dispose of Plaintiff's claims against the other four defendants. Plaintiff further argues that the Navistar Defendants would remain a target of discovery even if dismissed, and that non-party

---

[33]*Id.* at *2.

[34]*Navistar, Inc. v. Schmidt*, No. 19-701, 2019 WL 6492383, at *1 (10th Cir. June 26, 2019).

[35]*Grimes v. Cirrus Indus., Inc.*, No. CIV-08-1222-D, 2010 WL 2541664, at *3 (W.D. Okla. June 18, 2010) (citing *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994), *cert. denied*, 513 U.S. 872 (1994)).

[36]*Raymond v. Spirit Aerosystems Holdings, Inc.*, Case No. 16-1282-JWB, 2019 WL 1922170, at *2 (D. Kan. Apr. 30, 2019) (citing *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016)) (internal citations omitted).

discovery through the use of subpoenas would increase the costs and judicial resources required for this case rather than making discovery easier and less costly.

The Navistar Defendants counter that Plaintiff's discovery argument is a "red herring" and that they are unlikely to be the target of extensive discovery as it relates to Plaintiff's claims against the remaining defendants, because those claims pertain to the sale of the trucks at issue in 2016 and the Navistar Defendants are not alleged to have played a role in that transaction. The Navistar Defendants contend that because Plaintiff's claims against them relating to the design, manufacture, marketing, and emissions compliance of the trucks at issue are "far more complex" than those against the remaining defendants, the Navistar Defendants' dismissal due to lack of personal jurisdiction would "result in the transformation of this case from one with complex and expensive discovery and a complex trial into a case which is much narrower and simpler."[37]

The Court is unconvinced that interlocutory appeal would simplify discovery in the manner that the Navistar Defendants suggest, as Plaintiff's claims against the various defendants relating to the quality of the trucks, their maintenance over time, and their ultimate sale to Plaintiff are at least somewhat factually intertwined, and any savings in costs and judicial resources are speculative. While an immediate appeal could result in the Navistar Defendants' dismissal from this case, it does not appear that such an appeal would materially advance the ultimate termination of this litigation. Rather, this case would remain pending against the other four defendants, and the Navistar Defendants "may remain involved in the case as . . . non-part[ies] because [they] may have information important and relevant to the case."[38]

---

[37]Doc. 71 at 4.

[38]*Park v. Trican Well Serv., L.P*., No. CIV-15-515-R, 2015 WL 6160272, at *4 (W.D. Okla. Oct. 20, 2015).

10

Further, other courts in the Tenth Circuit have found that immediate appeal will not advance the ultimate termination of the litigation where claims against other defendants will remain. As explained by the Western District of Oklahoma:

> [A] reversal of this Court's order denying [Defendant's] motion to dismiss would result in the dismissal of only one defendant, and that would occur only after the delay necessitated by the Circuit's consideration of the appeal. Dismissing [Defendant] from the litigation results in no time savings for this Court, as it must still adjudicate Plaintiffs' claims against the remaining defendant. Likewise, no time savings will inure to the benefit of the remaining parties. Consequently, an immediate appeal in this case, even if successful, will do nothing to advance the ultimate termination of the action.[39]

Given the likely continued involvement of the Navistar Defendants in discovery for this matter, and the fact that the case will continue regardless of whether they are dismissed, an immediate appeal will not advance the ultimate termination of this litigation or result in substantial time savings for the Court or the other litigants. The Court finds that the Navistar Defendants have not satisfied this final element under § 1292(b) and, recognizing the Tenth Circuit's "demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances,"[40] declines to exercise its discretion to certify its Order for immediate appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that the Navistar Defendants' Motion to Certify an Interlocutory Appeal (Doc. 57) is **denied**.

---

[39]*Grimes*, 2010 WL 2541664, at *4; *see also, e.g., NorthStar Alarm Servs., LLC v. Alder Home Protection*, Case No. 2:17-cv-01097-DN-PMW, 2019 WL 5727666, at *3 (D. Utah Nov. 5, 2019) ("It has been held that this showing is not made when, as here, a case involves more than one named defendant (or counterclaim defendant), and the order in question denies a motion to dismiss only one of them.") (citations omitted); *Branzan Alternative Inv. Fund, LLLP v. The Bank of N.Y. Mellon Tr. Co., N.A.*, No. 14-CV-02513-REB-MJW, 2015 WL 6859996, at *2 (D. Colo. Nov. 9, 2015) (finding appeal would not advance ultimate termination of litigation where claims against one defendant would remain regardless of how Tenth Circuit resolved validity of claim against other defendant); *Park*, 2015 WL 6160272, at *4 (finding that potential dismissal of one defendant on interlocutory appeal would not materially advance ultimate termination of litigation where litigation would continue as to other defendant); *Dunn v. United Reg'l Health Care Sys., Inc.*, No. CIV-08-620-D, 2010 WL 11613791, at *3–4 (W.D. Okla. Mar. 8, 2010) (same).

[40]*Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998).

**IT IS SO ORDERED.**

Dated: January 9, 2020

                                                    S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   CHIEF UNITED STATES DISTRICT JUDGE